**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA WASHINGTON, | No. 16-15608 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02984-CRB |
| v. | |
| LOWE'S HIW, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Lisa Washington appeals pro se from the district court's summary judgment

in her employment action under Title VII, the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), and California state law.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Zetwick v. County of Yolo*, 850 F.3d 436,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

440 (9th Cir. 2017).  We affirm.

The district court properly granted summary judgment on Washington's sex discrimination claim because Washington failed to raise a genuine dispute of material fact as to whether her ineligibility for a raise and termination were pretextual.  *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219-20 (9th Cir. 1998) (noting that the burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to sex discrimination claims under California's Fair Employment and Housing Act ("FEHA") and Title VII, and setting forth elements of the claims).

The district court properly granted summary judgment on Washington's hostile work environment claims because Washington failed to raise a triable dispute as to whether the alleged sexual harassment was sufficiently severe or pervasive to alter the conditions of Washington's employment.  *Ariz.* ex rel. *Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (quoting *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000); *see also Zetwick*, 850 F.3d at 442 n.1 (elements of a hostile work environment claim under FEHA and Title VII).

The district court properly granted summary judgment on Washington's equal pay claim under 29 U.S.C. § 206 and California Labor Code § 1197.5 because Washington failed to raise a triable dispute as to whether she was receiving different wages than employees of the opposite sex for substantially

16-15608

equal work. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir. 1999) (elements of prima facie case under 29 U.S.C. § 206); *Green v. Par Pools Inc.*, 111 Cal. App. 4th 620, 623-24 (2003) (elements of prima facie case under Cal. Lab. Code § 1197.5).

The district court properly granted summary judgment on Washington's retaliation claim because Washington failed to establish a prima facie case of retaliation. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (explaining that retaliation analysis under Title VII and FEHA uses the *McDonnell Douglas* burden-shifting framework and setting forth elements of these claims).

The district court properly granted summary judgment on Washington's RICO claim because Washington did not raise a genuine dispute of material fact as to whether defendant undertook a "racketeering activity." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (elements of civil RICO claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Washington's request for appointment of counsel, set forth in the opening and reply briefs, is denied.

**AFFIRMED.**

16-15608